IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:18CR303-3 |
| v. | : | |
| SALVADOR VALADEZ, JR. | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, SALVADOR VALADEZ, JR., in his own person and through his attorney, Benjamin D. Porter, and state as follows:

1. The defendant, SALVADOR VALADEZ, JR., is presently under Superseding Indictment in case number 1:18CR303-3, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C), 841(c)(2), and 843(d)(2), as to object one, conspiracy to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine; as to object two, manufacturing a quantity of a mixture and substance containing a detectable amount of methamphetamine; as to object three, possession of pseudoephedrine believed to be used to manufacture methamphetamine; as to object four, possession of equipment, chemicals, products, and materials which may be used to manufacture methamphetamine; and as to object five, conspiracy to distribute

a quantity of a mixture and substance containing a detectable amount of heroin; which in Count Three charges him with a violation of Title 18, United States Code, Section 1956(h) and 1956(a)(2)(A), money laundering conspiracy; and which in Count Thirteen charges him with a violation of Title 21, United States Code Section 841(a)(1) and (b)(1)(B), distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

2. The defendant, SALVADOR VALADEZ, JR., will enter a voluntary plea of guilty to object one of Count One and Count Three of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, SALVADOR VALADEZ, JR., understands that as to object one of Count One of the Superseding Indictment herein he shall be sentenced to a term of imprisonment of not less than ten years, or more than life, a fine not to exceed $10,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, SALVADOR VALADEZ, JR., the defendant may, in the alternative, be fined not more than the greater of twice the gross

2

gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

    b.  The defendant, SALVADOR VALADEZ, JR., understands that because object one of Count One of the Superseding Indictment herein relates to a felony violation involving a listed chemical, the defendant may be enjoined from engaging in any transaction involving a listed chemical for not more than ten years, pursuant to Title 21, United States Code, Section 841(e).

    c.  The defendant, SALVADOR VALADEZ, JR., understands that the maximum term of imprisonment provided by law for Count Three of the Superseding Indictment herein is not more than twenty years, and the maximum fine for the Superseding Indictment herein is not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater.

    d.  The defendant, SALVADOR VALADEZ, JR., also understands that as to Count Three of the Superseding Indictment herein the Court may include as a part of the sentence a requirement that the defendant

3

be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  e. The defendant, SALVADOR VALADEZ, JR., further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  f. The defendant, SALVADOR VALADEZ, JR., understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, SALVADOR VALADEZ, JR., nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal

4

and possibly permanent exclusion from the United States. The defendant, SALVADOR VALADEZ, JR., further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to object one of Count One and Count Three of the Superseding Indictment herein, the defendant, SALVADOR VALADEZ, JR., knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, SALVADOR VALADEZ, JR., is going to plead guilty to object one of Count One and Count Three of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, SALVADOR VALADEZ, JR., to object one of Count One and Count

5

Three of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining objects of Count One and Count Thirteen of the Superseding Indictment herein as to the defendant, SALVADOR VALADEZ, JR. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

   b The defendant, SALVADOR VALADEZ, JR., agrees that the substance involved in the offense alleged in object one of Count One of the Superseding Indictment herein for which he is accountable is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

   c. It is understood that if the Court determines at the time of sentencing that the defendant, SALVADOR VALADEZ, JR., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

d. The defendant, SALVADOR VALADEZ, JR., hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, SALVADOR VALADEZ, JR., waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

6. The defendant, SALVADOR VALADEZ, JR., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, SALVADOR VALADEZ, JR., agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, SALVADOR VALADEZ, JR., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, SALVADOR VALADEZ, JR., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 2 day of Oct, 2018.

MATTHEW G.T. MARTIN
United States Attorney

BENJAMIN D. PORTER
Attorney for Defendant

TERRY M. MEINECKE
NCSB #27586
Assistant United States Attorney

SALVADOR VALADEZ, JR.
Defendant

    101 S. Edgeworth St., 4th Fl.
    Greensboro, NC 27401

    336/333-5351