IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:18CR303-3 |
| | : | |
| SALVADOR VALADEZ, JR. | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

NOW COMES the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and responds in opposition to Defendant Salvador Valadez, Jr.'s motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (compassionate release) (ECF No. 886).

## Summary

Valadez, who is currently serving a 192-month sentence for conspiracy to distribute methamphetamine and conspiracy to commit money laundering, moved the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 886. In his motion, Valadez asserts a family circumstances claim for relief. *Id.* at 1. In particular, in support of his motion, Valadez expresses concern regarding his three children in light of the recent death of their mother on July 4, 2021. *Id.* at 1.

Regardless of the basis for his request for compassionate release, Congress requires that Valadez seek compassionate release by first requesting a reduction in sentence ("RIS") from the BOP, through the warden of his prison, and then either waiting 30 days for the BOP to respond, or exhausting all administrative rights to appeal, whichever comes first, before moving the district court for a modification or RIS pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has been advised through BOP that the warden of USP Lompoc (*i.e.*, Valadez's facility) has not received a RIS request from Valadez seeking compassionate release based on a family circumstances claim for relief. Therefore, because Valadez has not filed a RIS then waited the requisite 30 days before applying to the Court for relief under 18 U.S.C. § 3582(c)(1)(A), his motion is not ripe for review and should be denied.

Even assuming *arguendo* that Valadez had exhausted his administrative remedies and the death of his children's mother constitutes a valid ground for compassionate release, the circumstances of his incarceration weigh strongly against release.

## **Prior Proceedings**

Pursuant to a guilty plea, Valadez was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A), as well as conspiracy to commit money laundering. *See* ECF Entry Dated Nov. 6, 2018; *see also* ECF No. 307 (Plea Agreement). On July 9, 2019, the district court

sentenced Valadez to 192 months of imprisonment, followed by five years of supervised release. *See* ECF Entry Dated June 25, 2019; ECF No. 668 (Judgment). The defendant did not appeal.

According to the Presentence Investigation Report ("PSR"), in 2014, the Rowan County Sheriff's Office ("RCSO"), Salisbury, NC, and the North Carolina State Bureau of Investigation ("SBI") initiated an investigation into large scale methamphetamine distribution. Since the inception of the investigation, 60 individuals have been indicted, and the vast majority of them, including Valadez, entered pleas of guilty to various narcotics, firearms, and/or money laundering offenses. The criminal activity undertaken on behalf of the organization was not limited to North Carolina, but extended into Washington, California, and Georgia. *See generally*, ECF No. 609 (PSR) at ¶ 23.

Valadez held a supervisory role in his group and coordinated the delivery of methamphetamine shipments to Rowan County, NC, from Steven Recendez, a Sinaloa Cartel member. He also recruited multiple individuals, including his girlfriend and girlfriend's father, to conduct wire transfers to Steven Recendez or his designees as payment for the methamphetamine shipments. Many of the wire transfers were sent to individuals in Mexico with ties to the Sinaloa Cartel. PSR at ¶ 30.

On August 9, 2018, agents executed an arrest warrant at Valadez's residence on Matika Drive, Salisbury. The search produced one small plastic

3

baggie that contained one gram of methamphetamine inside a safe in the master bedroom. The investigation revealed details as to the criminal conduct in this case, including a large shipment of controlled substances that was seized in Lexington, Kentucky, by law enforcement. The shipment, which included 40 pounds of methamphetamine and 80 kilograms of cocaine hydrochloride, was flown on a private aircraft from California to Kentucky. PSR ¶ 60. Valadez was responsible for 7.26 kilograms of methamphetamine and 56.7 grams of heroin. PSR at ¶ 87.

On December 30, 2020, Valadez first moved this Court for compassionate release asserting that his asthma, in light of the COVID-19 pandemic, was an extraordinary and compelling reason for his release. ECF No. 839. In its response, the government conceded that Valadez had exhausted his administrative remedies and that his motion was properly before the Court. ECF No. 849 at 9. Nevertheless, the government argued that he had not established extraordinary and compelling reasons for his release. *Id.* at 10. The government further argued that release was not appropriate in light of the criminal conduct underlying Valadez's conviction, deterrent value, and need to protect the public. *Id.*

On January 27, 2021, this Court issued an order denying defendant's first motion for compassionate release. ECF. No. 859. The Court found that "no extraordinary and compelling reasons support[ed] his compassionate

release." *Id.* at 8. The Court further held that "[e]ven if extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors."

Valadez now comes before the Court with a second request for compassionate release based on a new claim — *i.e.*, the recent death of his mother's children. ECF No. 886. In support of his motion, Valadez did not provide a copy of any administrate request in which he requests release on his basis. *Id.* On July 27, 2021, the Court ordered the government to respond to the defendant's motion no later than August 16, 2021.[1] *See* ECF Entry Dated July 27, 2021.

Valadez is currently in BOP custody at USP Lompoc in Lompoc, California, and is scheduled for release, including credit for good conduct time, on March 28, 2032. *See* Fed. Bureau of Prisons, *Inmate Locator* https://www.bop.gov/inmateloc/ (last visited Aug. 17, 2021).

## Discussion

As discussed in further detail below, Valadez does not assert that he has submitted any Reduction in Sentence ("RIS") request to the warden of USP Lompoc in connection with his second request for compassionate release, nor does USP Lompoc have any record of such request. Thus, Valadez has not

---

[1] Concurrent with this filing, the government has filed a motion for leave to file its response to defendant's compassionate release motion one day out of time.

exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A) with respect to the instant motion. Until Valadez satisfies this mandatory claim-processing rule, he is not entitled to substantive consideration of his request. *See United States v. Franco*, 2020 WL 5249369, at \*1-\*2 (5th Cir. Sept. 3, 2020).

Under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i), the district court may modify or reduce an inmate's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). If this condition is met, the court may also find, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, that "extraordinary and compelling reasons warrant a reduction" of the defendant's sentence and that "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" (*Id.*). The findings required for release include that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2), p.s. (2018).

The defendant "bears the burden of showing that he exhausted [his] administrative rights with the BOP before filing [his] compassionate-release motion." *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (further citations omitted). Furthermore, before making a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant "must at least ask the Bureau of Prisons (BOP) to do so on [his] behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A)." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).

Here, Valadez has not met his burden of showing that he has exhausted his administrative remedies. In his motion, Valadez makes no reference to any administrative request for compassionate release with respect to the recent death of his children's mother and the government is aware of none. Following the filing of Valadez's motion for compassionate release, the government consulted BOP staff at the Butner Legal Center, which provides information to the government concerning defendants convicted in this district. Staff members advised the government no RIS request had been received by officials at Valadez's facility raising family circumstances claims (*i.e.*, USP Lompoc) prior to his seeking relief in this Court. Thus, his motion for compassionate release is not ripe for review by this Court, because he is required by law to "fully exhaust[] all administrative rights to appeal following a failure of the Bureau of Prisons to bring a motion on [his] behalf, or the lapse of 30 days from

7

the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). As such, the Court is constrained from considering his motion at this time. *See United States v. Davis*, 1:17CR69, 2020 WL 3976970, at *2-3 (M.D.N.C. July 14, 2020) (denying without prejudice defendant's motion for compassionate release where defendant filed an administrative request to the warden *after* filing her motion); *United States v. Saxby*, 1:17CR396/1:11CR132, slip op. at 4-5 (M.D.N.C. Sep. 1, 2020) (denying motion without prejudice where defendant did not initiate administrative process for compassionate release).

Even assuming that Valadez properly submitted a request for compassionate release relating to the death of his children's mother to USP Lompoc thus meeting the exhaustion requirement, his motion does not satisfy the standard for compassionate release. Valadez has not shown extraordinary and compelling reasons that justify a sentence reduction in his case or that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Valadez bears the burden of establishing that extraordinary and compelling reasons justify his release. *See United States v. Mangarella*, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019); *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (the defendant has the burden to show circumstances meeting the test

for compassionate release). To state a cognizable basis for compassionate release, a defendant must establish that his basis falls within one of the categories listed in the policy statement. The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, family circumstances. *See* U.S.S.G. § 1B1.13, cmt. n.1(C).

In the family circumstances category, two scenarios constitute potential extraordinary and compelling reasons. The first is the death or incapacitation of the caregiver of a defendant's minor child. U.S.S.G. § 1B1.13, cmt. n.1(C)(i). The second is the incapacitation of the defendant's spouse or registered partner, if the defendant is the only available caregiver for that person. *Id.* at cmt. n.1(C)(ii). In his motion, Valadez states that he has "concern [for his] 3 children that have now been left behind in the shadows of their mother Brittani N. Stayton['s] death on the date of July 4, 2021 in Victorville, CA." ECF. No. 886 at 1. Notwithstanding the tragedy of Ms. Stayton's death, Valadez has provided no evidence that he is the only available caregiver for his children while he is serving his sentence. *See* U.S.S.G. § 1B1.13 comment. n.1(C). *See United States v. Richardson*, 2020 WL 2200853, at *1 (E.D.N.C. May 6, 2020) (denying compassionate release absent evidentiary proof that defendant would be only available caregiver for minor child where child's mother was ailing).

Even if the Court were to find that Valadez's concern for his children in light of their mother's death constituted an extraordinary and compelling

9

reason for relief, the § 3553(a) factors would not support compassionate release. As this Court previously held in denying Valadez's first motion for compassionate release, "Valadez's underlying criminal conduct weighs strongly against release." ECF No. 859 at 10. The Court went on to explain that "[g]iven the length of time in which Valadez was involved in the conspiracy, his significant role in that conspiracy, the serious nature of the conduct, and the length of time remaining on his present sentence, the § 3553(a) factors do not support his release." *Id.* The death of Ms. Stayton, albeit tragic, does not override these sentencing concerns. His motion, even if considered on the merits, should be denied.

CONCLUSION

WHEREFORE, as set forth herein, the government requests that the Court deny Defendant's motion for compassionate release.

This the 17th day of August, 2021.

> Respectfully submitted,
>
> SANDRA J. HAIRSTON
> Acting United States Attorney
>
> /S/ MEREDITH C. RUGGLES
> Assistant United States Attorney
> DC Bar #1020537
> United States Attorney's Office
> Middle District of North Carolina
> 101 S. Edgeworth Street, 4th Floor
> Greensboro, NC 27401
> Phone: 336/333-5351

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy was mailed to the following non-CM/ECF participant:

Salvador Valadez, Jr.
Reg. #34486-057
USP Lompoc
U.S. Penitentiary
3901 Klein Blvd.
Lompoc, CA  93436

/S/ MEREDITH C. RUGGLES
Assistant United States Attorney
DC Bar #1020537
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351