IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18CR303-3 |
| | ) | |
| SALVADOR VALADEZ, JR. | ) | |

**ORDER**

Before the court is *pro se* Defendant Salvador Valadez, Jr.'s motion for compassionate release, dated July 20, 2021. (Doc. 886).[1] The Government has responded in opposition. (Doc. 889.) For the reasons set forth below, the motion will be denied.

In October 2018, pursuant to a guilty plea, Valadez was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A), as well as conspiracy to commit money laundering. (Doc. 307.) On July 9, 2019, this court sentenced him to 192 months of imprisonment, followed by five years of supervised release. (Doc. 668.) Valadez is currently incarcerated at USP Lompoc and has an expected release date of March 28, 2032. (Doc. 889 at 5.)

Valadez argues that his family circumstances warrant his compassionate release. (Doc. 886.) In response, the Government argues that Valadez has failed to exhaust his administrative

---

[1] Valadez first moved for compassionate release on December 30, 2020 (Doc. 839), which motion this court denied on January 27, 2021 (Doc. 859).

remedies. (Doc. 889 at 1-2.) Alternatively, the Government argues that, even if Valadez had exhausted his administrative remedies, his family circumstances do not constitute a valid ground for compassionate release and the facts and circumstances underlying his conviction advise against his compassionate release. (Id.)

"Federal law has long authorized courts to reduce sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended § 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to § 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release, or (2) be at least 70 years old, have served

2

30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Mangarella, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020). Additionally, a court, in considering a reduction in sentence pursuant to § 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. Id. Of note is United States Sentencing Guideline § 1B1.13. Section 1B1.13 essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); see also Beck, 425 F. Supp. 3d at 578. The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release, including when an inmate is suffering from a debilitating medical condition that has "substantially diminishe[d] the ability of the inmate to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 application note 1(a)(ii). Under the guideline, a change in family circumstances can be an extraordinary and compelling reason if the change is the "death or incapacitation of

3

the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

For over two years, the Sentencing Commission has lacked a quorum and thus has not updated its policy statements on compassionate release since the First Step Act was signed into law in December 2018. United States v. McCoy, 981 F.3d 271, 282 n.6 (4th Cir. 2020). Thus, the current phrasing of §1B1.13 addresses scenarios in which the BOP Director files a motion for compassionate release, but not situations in which an inmate files a similar motion under § 3582. As the language of § 1B1.13 limits its application to motions filed by the BOP Director, the Fourth Circuit has held that "§ 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)." Id. at 282. Accordingly, it has stated that "district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." Id. at 283. However, courts may consider § 1B1.13 as helpful guidance when considering a motion filed by an inmate. Id. at 282 n.7.[2]

---

[2] The majority of circuits appear to follow this view that § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A), but this view has been rejected in at least one circuit. See United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021).

4

The Government contends that Valadez has failed to exhaust his administrative remedies. (Doc. 889 at 5-8.) It is correct. Valadez bears the burden of proving that he has exhausted his remedies. United States v. Morrison, No. 5:07-CR-00050-KDB-DSC, 2020 WL 4016253, at *2 (W.D.N.C. July 16, 2020). While Valadez filed this compassionate release as a supplement to his previous motion, he raises entirely new and independent grounds for relief based on family circumstances. "Allowing an inmate to present the Court with an entirely new basis for a sentence reduction denies the BoP the opportunity to evaluate the request on its merits and undermines the mandatory statutory exhaustion requirement." United States v. Knight, No. 1:15-CR-393, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020). Therefore, the BOP should be given the opportunity to consider these grounds pursuant to the exhaustion requirement of § 3582(c)(1)(A). See United States v. Godwin, No. 1:17-CR-00008-MR-WCM-1, 2021 WL 3072465, at *1 (W.D.N.C. July 20, 2021) (subjecting a motion for reconsideration of compassionate release to the exhaustion requirement due to "the amount of time that has passed since the denial of the Defendant's first motion, and the new information cited in support of her renewed request for relief"); see also United States v. Curry, No. 1:05-CR-282-1, 2021 WL 2644298, at *3 n.3 (M.D.N.C. June 25, 2021) ("This exhaustion requirement evinces a continued role for the BOP in the compassionate release process, including the determination of

5

extraordinary and compelling reasons."); United States v. Wilson, No. CR 14-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) ("In the First Step Act, Congress decided Bureau of Prisons should have at least the first chance to determine a prisoner's suitability for compassionate release . . . To enable Bureau of Prisons to make this informed decision envisioned by Congress, the Bureau of Prisons must be fairly put on notice of the grounds for compassionate release.").

As the Government points out, Valadez has failed to initiate the administrative process for compassionate release by making a Reduction in Sentence request with the BOP based on the new grounds he raises. (Doc. 889 at 7.) Thus, Valadez has failed to demonstrate that he has initiated and exhausted the administrative process for compassionate release. As a result, Valadez's motion for compassionate release will be denied without prejudice to his exhausting his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Because Valadez must exhaust his administrative remedies with the BOP, and even if the court were mistaken about the requirement for exhaustion, the court notes that his current request appears to be deficient. Valadez argues that he is needed at home to care for his three minor children due to the death of their mother. (Doc. 886.) The Government argues in response that his family circumstances do not constitute a valid ground for compassionate

6

release, and the facts and circumstances underlying his conviction advise against his compassionate release. (Doc. 889 at 2.)

As the Government correctly notes, the family caretaker ground for compassionate release under the guideline only applies if the defendant is the only available caregiver. (Doc. 889 at 9.) To qualify for compassionate release under the family circumstances provision, a defendant must show "the death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 application note 1(C)(i). The "animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." See United States v. Lisi, No. 15 Cr. 457 (KPF), 2020 WL 881994, at *5 (S.D.N.Y. Feb. 24, 2020).

As previously noted, under Fourth Circuit law the Guideline is not binding here. Nevertheless, on the current record there is no evidence that Valadez is the only available caregiver. Based on this, his family circumstances, while difficult, do not appear to quality as "extraordinary and compelling" such that release would be justified.

Even assuming extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of

7

the § 3553(a) factors.

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The court must consider —

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;
>
> (5) any pertinent policy statement . . . by the Sentencing Commission . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

Id. As detailed below, these factors weigh against Valadez's release.

From 2016 to 2018, Valadez acted as a supervisor in a large-scale, multi-state methamphetamine distribution conspiracy. (Doc. 609 ¶ 30.) In furtherance of this conspiracy, he personally coordinated the shipment of methamphetamine to Rowan County, North Carolina, with a member of the Sinaloa Cartel and conducted wire transfers in payment for these shipments. (Id.) He recruited others to make similar wire transfers and ultimately sent over $100,000 to Mexico and California in furtherance of the conspiracy. (Id. ¶¶ 30, 52.) Many of these payments were sent to individuals with known ties to the Sinaloa Cartel. (Id.) As a result of these acts, Valadez pleaded guilty to conspiracy to distribute methamphetamine and conspiracy to commit money laundering and received a sentence of 192 months of imprisonment. (Docs. 307, 668). At present, he has over ten years remaining on his sentence. (Doc. 889 at 5.) Taken together, Valadez's underlying criminal conduct weighs strongly against release. Given the length of time in which Valadez was involved in the conspiracy, his significant role in that conspiracy, the serious nature of the conduct, and the length of time remaining on his present sentence, the § 3553(a) factors do not support his release.

Finally, Valadez requests the appointment of counsel to assist him in this matter. There is no general constitutional

9

Case 1:18-cr-00303-TDS   Document 894   Filed 10/07/21   Page 9 of 10

right to appointed counsel in post-conviction proceedings, see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), but the court retains discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require, see Gray, 2020 WL 1943476, at *2.  After a careful review of the complete record, the court finds that Valadez has not demonstrated that he is incapable of seeking his requested relief without counsel and has not otherwise demonstrated that appointment of counsel is necessary here.  Accordingly, his motion for the appointment of counsel will be denied.

For the reasons stated,

IT IS THEREFORE ORDERED that Valadez's motion for compassionate release (Doc. 886) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

October 7, 2021